**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY JOSEPH STROHMEYER, | |
| Plaintiff, | |
| v. | 3:14-cv-00661-RCJ-WGC |
| K. BELANGER et al., | **ORDER** |
| Defendants. | |

**I.   DISCUSSION**

On May 7, 2015, this Court issued a screening order dismissing the case in its entirety, with prejudice, without leave to amend. (ECF No. 8 at 12). Plaintiff appealed. (ECF No. 11).

On August 5, 2016, the Ninth Circuit Court of Appeals issued an order affirming in part, reversing in part, and vacating in part this Court's screening order. (ECF No. 15 at 5). The Ninth Circuit remanded the case for further proceedings. (*Id.*). In the memorandum disposition, the Ninth Circuit held:

> In sum, we affirm the dismissal of [Plaintiff's] due process claim for unlawful deprivation of property, due process claim for the 2012 disciplinary hearing and federal right to counsel claim, reverse the dismissal of [Plaintiff's] deliberate indifference to safety claim, due process claim for the 2013 disciplinary hearing, and civil conspiracy claim, reverse the denial of leave to amend [Plaintiff's] retaliation and equal protection claims, and vacate the dismissal of his state law claims, and remand for further proceedings.

(*Id.*).

In light of the Ninth Circuit's memorandum disposition, the Court now grants Plaintiff leave to amend. Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the amended complaint. If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes (replaces) the original and amended complaints and, thus, the second amended complaint must be complete in

itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in the Ninth Circuit's memorandum disposition, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action shall proceed on the deliberate indifference to safety claim against Jenkins, Vallaster, Whiting, Ward, Olivas, and Kenner; due process claim for 2013 disciplinary hearing against Carpenter; civil conspiracy claim against Jenkins, Vallaster, Whiting, Ward, Olivas, and Kenner; and state law claims (via supplemental jurisdiction) only.

## II.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his amended complaint, as outlined in the Ninth Circuit's memorandum disposition, Plaintiff shall file the second amended complaint **within 30 days** from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his amended complaint (ECF No. 9), and a copy of the Ninth Circuit's memorandum disposition (ECF No. 15). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file a second amended complaint curing the stated deficiencies of the amended complaint, this action shall proceed on the deliberate indifference to safety claim against Jenkins, Vallaster, Whiting, Ward, Olivas, and Kenner; due process claim for 2013 disciplinary hearing against Carpenter; civil conspiracy claim against Jenkins, Vallaster, Whiting, Ward, Olivas, and Kenner; and state law claims (via supplemental jurisdiction) only.

DATED: This 18th day of October, 2016.

_____
United States District Judge

3