# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY JOSEPH STROHMEYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> K. BELANGER et al., ) <br> ) <br> Defendants. ) | 3:14-cv-00661-RCJ-WGC <br><br> **ORDER** |

Plaintiff sued Defendants in this Court *in pro se* for various alleged civil rights violations. On January 3, 2017, the Magistrate Judge denied Plaintiff's motion for appointment of counsel. Plaintiff now challenges that order under Rule 72(a).

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a).  Rule 72(a) institutes an abuse of discretion standard. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United*

*States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record. Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

The Court does not find the Magistrate Judge's ruling to have been in clear error or contrary to law. The Magistrate Judge explained that exceptional circumstances warranting appointment of counsel are not present, but only circumstances faced by most incarcerated persons. The Court agrees.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for District Judge to Reconsider Order (ECF No. 32) is DENIED.

IT IS SO ORDERED.

DATED: This 17th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge