# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEREMY STROHMEYER,

    Plaintiff,

v.

K. BELANGER, *et al.*,

    Defendants.

Case No.: 3:14-cv-00661-RCJ-WGC

**ORDER**

Re: ECF No. 163

Plaintiff has filed a motion requesting correction of mistakes in an order issued by the court at ECF No. 153 under Federal Rule of Civil Procedure 60(a). (ECF No. 163.) Defendants did not file a response.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC) proceeding pro se with this action under 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC) and Ely State Prison (ESP). The court issued an order on July 2, 2019, screening Plaintiff's third amended complaint (TAC) under 28 U.S.C. § 1915A. (ECF No. 153.)

On July 18, 2019, Plaintiff filed this motion requesting the court correct certain mistakes in that order. (ECF No. 163.)

## II. DISCUSSION

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

First, Plaintiff asks the court to correct the notation at ECF No. 153, page 6, line 5, concerning the date of the disciplinary hearing with Carpenter. The court's order notes the date of

the hearing as March 30, 2013, but Plaintiff states that the TAC alleges that the disciplinary hearing was actually on March 10, 2013. The court will grant Plaintiff's request and the record will reflect that the disciplinary hearing with Carpenter took place on March 10, 2013.

Second, Plaintiff pointes to ECF No. 153 at page 8, line 2, which states Plaintiff's claim that after six months in solitary confinement, Plaintiff only got one 30-minute phone call per month. Plaintiff states that while he was in disciplinary segregation at LCC from December 24, 2012 to April 9, 2013, he was limited to one 30-minute call per month; however, when he was transferred to ESP on April 9, 2013, his calls were further reduced to one 15-minute call per month while in disciplinary segregation. After he was taken out of disciplinary segregation around October 31, 2013, he was placed in administrative segregation and allowed one 15-minute call per week. The court will grant Plaintiff's motion and the record will be corrected to include this description of Plaintiff's ability to make phone calls.

Third, Plaintiff points to a clerical mistake in the citation of *Wolff v. McDonnell* that appears at ECF No. 153, page 13. Plaintiff's motion is granted to the extent the first citation to *Wolff v. McDonnell* that appears at ECF No. 153, page 13:11-12, should be: 418 U.S. 539, 556 (and not 565-66 as Plaintiff suggests). The second citation which appears at ECF No. 153, page 13:17-18 should actually read: *See id*. at 564-70. Plaintiff also takes issue with the fact that the court did not include the "documentary evidence" language from a quotation from *Wolff*. He clarifies that he is attacking not only the failure to allow him to present witnesses, but also the failure to allow him to present documentary evidence in his defense. Plaintiff's motion will be granted insofar as the record will now reflect that the pertinent portion of the *Wolff* decision states: "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous

to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. The record will also reflect that Plaintiff is challenging the denial of the opportunity to call witnesses as well as present documentary evidence in his defense.

Fourth, Plaintiff points to the court's statement at ECF No. 153 at page 19, lines 15-16: "He heard from other guards that someone at LCC must not like him or that he was writing too many grievances." Plaintiff asserts that he actually did not hear this from other guards at LCC, but from caseworkers at LCC. The court will grant Plaintiff's request and the record will reflect this change.

Fifth, Plaintiff addresses the claim for the unlawful deprivation of property set forth in Count XII of the TAC, which the court held would not proceed because the Ninth Circuit affirmed Judge Jones' dismissal of those claims, set forth at ECF No. 153, page 22, lines 19-22. Plaintiff asserts that he amended his complaint after the Ninth Circuit decision and changed his federal unlawful deprivation of property claim to a State law claim for violation of Nevada Revised Statutes (NRS) 41.031 and 41.0322, and Judge Jones allowed this claim to proceed as Count XIII of the second amended complaint, citing ECF No. 44 at 14:8-12.

The court incorrectly interpreted Count XII as asserting a federal deprivation of property claim. Instead, Count XII alleges violation of State rights under NRS 41.031 and 41.0322. The undersigned overlooked that Judge Jones previously allowed the State law claim under NRS 41.031 and 41.0322 to proceed. Therefore, Plaintiff's motion is granted and Plaintiff is permitted to proceed with Count XII of the TAC against Cartier, Belanger, LeGrand, Schardin and Gilder. The conclusion of ECF No. 153 at 26, lines 5-6, 10, and 14-15, which indicated the dismissal of Count XII is also amended to note that Count XII will proceed against Cartier, Belanger, LeGrand, Schardin and Gilder. The court notes that NRS 41.031 requires a plaintiff bringing a state tort claim against State employees must name the State as a party to the action to

properly invoke the State's waiver of sovereign immunity. *See* NRS 41.031; *Craig v. Donnelly*, 439 P.3d 413, 414 (Nev. 2019) (per curiam). The State is not, however, a party to plaintiff's section 1983 civil rights claims. If Plaintiff wishes to proceed with Count XII, he must file a simple motion requesting that the court add the State of Nevada on relation of NDOC as a defendant for purposes of Count XII only.

Sixth, Plaintiff identifies a typographical error at ECF No. 153, page 25, line 13 as there is a "J" that should be omitted. Plaintiff's motion is granted in that the typographical error is noted.

### III. CONCLUSION

Plaintiff's motion (ECF No. 163) is **GRANTED** as outlined above. The Attorney General's Office shall file a notice within **14 days** of the date of this Order advising the court and Plaintiff whether it will accept service on behalf of Cartier, Gilder and Schardin. If it does not accept service for any of those defendants, it shall file under seal, but not serve Plaintiff, the last known addresses of those defendants. If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. The court will then issue summonses for those defendants for whom the Attorney General's Office cannot accept service and for which a last known address is filed under seal. For those defendants for whom the Attorney General does accept service, an answer or other response to the TAC must be filed within **30 days** of the date of this Order.

If Plaintiff wishes to proceed with Count XII, within **21 days** of the date of this Order he must file a simple motion requesting that the court add the State of Nevada on relation of NDOC as a defendant for purposes of Count XII only. If he fails to do so, Count XII will be dismissed.

///

///

4

To the extent this Order has any impact on the answer to the TAC previously filed by the Defendants, the Defendants may file an amended answer to the TAC within **30 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: August 6, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge