# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY STROHMEYER, | Case No.: 3:14-cv-00661-RCJ-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF Nos. 131, 133, 134, 135 |
| K. BELANGER, *et al.*, | |
| Defendants. | |

Plaintiff has filed four (4) Motions for Leave to Serve Defendants Donna Jenkins, James Keener, Michael Bobadilla, and Keith Miranda by Publication. (ECF Nos. 131, 133, 134, 135). Defendants did not respond to any of these motions. The motion to serve Defendant Bobadilla by Publication (ECF No. 134) is now moot due to his appearance in this action. (ECF No. 189.) The court will address the remaining three (3) motions (ECF Nos. 131, 133, and 135) in this order.

## I. BACKGROUND

Plaintiff is an inmate housed at High Desert State Prison. Plaintiff filed these four motions after this court denied without prejudice his earlier motion (ECF No. 107) to serve by publication through "Nevada Legal News." This court found "Nevada Legal News" would not be "reasonably calculated" to give the Defendants "actual notice of the proceedings." (ECF No. 124.)

Plaintiff's current motions seek to serve Defendant Donna Jenkins ("aka Lisa Armstead"), in either the *Idaho Statesmen* or the *McCall Star* (ECF No. 131), Defendant Keener in the *Nevada Appeal* (ECF No. 133), and Defendant Miranda in the *Sparks-Tribune*. (ECF No. 135.) For each publication, Plaintiff offers to publish the summons once a week for four weeks in a row.

After the court's order (ECF No. 124) was entered, the Nevada Rules of Civil Procedure which govern how the federal court permits alternative service were amended on March 1, 2019. NRCP 4 governing Summons and Service was amended and has a different structure and slightly different language than the prior version of the Rule used by this court in (ECF No. 124.) Plaintiff's current motions were filed with analysis pertaining to the old rule, but the court will address the present motions under the amended Nevada rule.

## II. DISCUSSION

Fed. R. Civ. P. 4(e)(1) addresses service by publication in federal actions. Rule 4(e)(1) states an individual may be served by following state law for serving summons in an action brought in courts of general jurisdictions in the state where the district court is located, or where service is made. Nevada Rules of Civil Procedure 4.4(c) and 4.4(c) subsections (1), (2), (3), and (4) govern service by publication as an alternative method of service. The current version of Nevada Rule reads in pertinent part as follows:

> **4.4(c) Service by Publication**. If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service to be made by publication.
>
> **4.4(c)(1) Conditions for Publication.** Service by publication may only be ordered when the defendant
>
> **(A)** cannot, after due diligence, be found;
> **(B)** by concealment seeks to avoid service of the summons and complaint; or

**(C)** is an absent or unknown person in an action involving real or person property under Rule 4.4(c)(3).

**4.4(c)(2) Motion Seeking Publication**. A motion seeking an order for service by publication must:

**(A)** through pleadings or other evidence establish that:
 **(i)** a cause of action exists against the defendant who is to be served; and
 **(ii)** the defendant is necessary or proper party to the action;
**(B)** provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate the defendant;
**(C)** provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
**(D)** suggest one or more newspapers or other periodicals that are reasonably calculated to give the defendant actual notice of the proceedings; and
**(E)** if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
 **(i)** the defendant's last-known address
 **(ii)** the date during which the defendant resided at that location; and
 **(iii)** confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

**4.4(c)(4) The Order for Service by Publication.**

**(A)** In order for service by publication, the court must direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or any combination of locations. The court's designated location must be reasonably calculated to give the defendant actual notice of the proceeding. The service must be published at least once a week for a period of four weeks.
**(B)** If publication is ordered and the plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last knows address. The court may also order that additional notice be sent under Rule 4.4(d).
**(C)** Service by publication is complete four weeks from the later of:
 **(i)** The date of the first publication; or
 **(iii)** the mailing of the summons and complaint, if mailing is ordered.

For a party to move for service by publication, the party must establish the service methods in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable. NRCP 4.4 (c). Rules 4.2 and 4.3 pertain to personal service within Nevada, and personal service outside Nevada, respectively. Rule 4.4(a) and (b) cover statutory service and court-ordered service, respectively.

The U.S. Marshal's unsuccessful attempts to effect service at the last known addresses of the Defendants is sufficient for the court to find personal service according to Rules 4.2 and 4.3 is impracticable. (ECF Nos. 178, 188.)

Rule 4.4(a) states "if a statute provides for service, the summons and complaint may be served under the circumstances and in the manner prescribed by the statute." NRCP 4.4(a). There is nothing in the record to indicate a statute providing for service, thereby making this method impracticable.

Rule 4.4(b) establishes that upon proving the impracticability of the other methods of service, the court may, upon motion direct that service be accomplished through any alternative service method. NRCP 4.4(b)(1). The Plaintiff has not sought an alternative service method beyond service by publication. Given the limited information Plaintiff has regarding the Defendants in question, it is unlikely there is a practicable alternative service method besides service by publication.

The court finds Plaintiff's motion to serve by publication is appropriate because the service methods established by Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable in this case.

For the court to determine if service by publication itself is appropriate, there are two key factors to consider. The first is whether Plaintiff exercised due diligence in attempting to effect personal service on Defendants (NRCP 4.4(c)(1)), and the second is whether the newspaper or

periodical the Plaintiff is attempting to publish in is reasonably calculated to give the Defendants actual notice of the proceedings. NRCP 4.4(c)(2)(D).

*A. Due Diligence*

This court previously found Plaintiff satisfied the due diligence requirement. (ECF No. 124.) The U.S. Marshal unsuccessfully attempted service on Defendant Jenkins (ECF No. 67), Defendant Miranda (ECF No. 65), and Defendant Keener (ECF No. 67) and more recently, with the updated last known addresses for these Defendants. (ECF Nos. 157, 158.) The amended Rule 4 did not remove the due diligence requirement, and as such, the court's previous findings of sufficient due diligence are applicable to the present motions.

*B. Whether publication is reasonably calculated to give a defendant actual notice of the proceedings*

The amended Nevada rule removed language addressing publishing newspapers of "general circulation," which the court was concerned about in the analysis of Plaintiff's previous motion. (ECF No. 124). The amended rule states publication is appropriate in "newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located" and must be "reasonably calculated to give the defendant actual notice of the proceeding." NRCP 4.4(c)(4)(A). The proposed publications will be analyzed under these requirements

*i.     Defendant Donna Jenkins, "aka Lisa Armstead" - McCall Star or Idaho Statesmen*

Through his research, Plaintiff found a P.O. Box for Donna Jenkins in New Meadows, Idaho, and a listing stating her current residence as McCall, Idaho. (ECF No. 131 at 2.) Plaintiff also found that Boise, Idaho, was the largest city nearest to both cities. (*Id.*) Plaintiff sought to publish notices in newspapers near to McCall, Idaho. However, without disclosing specific

residential details, the Attorney General's notice of last known address for Donna Jenkins (aka Armstead) was in the Carson City vicinity. Therefore, Plaintiff shall publish the summons in this *Nevada Appeal*, a newspaper from the Carson City geographic area.

    *ii.    Defendant James Keener - Nevada Appeal*

Plaintiff's research revealed a Fallon, Nevada, street address for Defendant Keener. (ECF No. 133.) The Defendant's last known address for Defendant Keener also listed a Fallon, Nevada, address. The Plaintiff proposes service by publication through the *Nevada Appeal*, which categorizes itself as "Lahanton Valley News" of which the city of Fallon is a part of. This satisfies the first requirement of NRCP 4.4(c)(4)(A) that publication be made in a newspaper or other periodical published in the state or territory the defendant is thought to be located.[1]

Considering all these factors, the court finds service by publication in the *Nevada Appeal* is reasonably calculated to give defendant Keener actual notice, and service by publication in the *Nevada Appeal* is appropriate.

    *iii.    Defendant Miranda – The Sparks-Tribune*

Through his research, Plaintiff located an address for Defendant Miranda in Sparks, Nevada. (ECF No. 135.) Plaintiff therefore proposes the *Sparks-Tribune* for service by publication. However, the Defendant's last known address for Mr. Miranda reflected a last known address in the Reno area. The court proposes, therefore, Plaintiff publish the summons in the *Reno Gazette-Journal* instead of the *Sparks-Tribune*.

---

[1] The newspaper's website, https://www.nevadaappeal.com, has a "Classifieds" section that gives access to the "Legals" sub-section where notices are published for cities across Nevada. Neither of these sections are limited to users with subscriptions. Without a response by Defendants, the court will not look further into the issue of the newspaper itself being a subscription only newspaper.

The court finds that publication in the *Reno Gazette-Journal* is reasonably calculated to give Defendant Miranda actual notice of the proceedings and service by publication is therefore appropriate.

### III. CONCLUSION

Plaintiff is allowed to serve Defendants Jenkins/Armstead by publication in the *Nevada Appeal*, Defendant Keener via the *Nevada Appeal/Lahontan Valley News* and Defendant Miranda in the *Reno Gazette-Journal*. Because Plaintiff as an NDOC inmate cannot be apprised of the specific last known addresses of the Defendants and thus cannot mail them the Summons and Complaint as NRCP 4.4(c)(4) requires, the court will effect that mailing. The Clerk shall issue new Summonses for the three (3) Defendants and mail them to the Plaintiff for his service by publication. The Clerk is also directed to mail copies of the Summons and Third Amended Complaint[2] to each of the Defendants at their respective addresses contained in Defendants' filings of last known addresses for these Defendants (ECF No. 157). After the Clerk completes mailing to the specified Defendants, the Clerk, without identifying the specific addresses, will file a Notice that the mailings were effected to the three (3) Defendants.

**IT IS SO ORDERED**.

Dated: August 27, 2019.

*William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The Third Amended Complaint has superseded the Second Amended Complaint. The Summons Plaintiff is to publish will reference the Third Amended Complaint.