UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY JOSEPH STROHMEYER,<br><br>  Plaintiff,<br><br>vs.<br><br>KELLY BELANGER, et al.<br><br>  Defendants. | Case No. 3:14-CV-00661-RCJ-WGC<br><br>**ORDER** |

Plaintiff Strohmeyer files these objections to various orders issued by the Magistrate Judge. (ECF Nos. 150, 153, 208, and 209.) For the following reasons, Plaintiff's appeals are denied.

**FACTUAL BACKGROUND**

Plaintiff is an inmate currently in the custody of the Nevada Department of Corrections (NDOC) proceeding pro se with this action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Second Amended Complaint which this Court screened pursuant to 28 U.S.C. § 1915A. Following attempted mediation, Plaintiff requested leave to file a Third Amended Complaint, which this Court granted.

///

///

**LEGAL STANDARD**

A court reviews orders by magistrate judges under 28 U.S.C. § 636(b)(1). Under the statute, non-dispositive orders are overturned only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

**ANALYSIS**

1. *Objection/Appeal of Magistrate Order 150*

Plaintiff filed a Motion to Compel Production of Documents by Defendant Olivas. ECF No. 147. Defendant Olivas then filed a Motion for Discovery Hearing (ECF No. 148) and a Motion to Stay the Deadline to Respond to ECF No. 147 (ECF No. 149). The Magistrate Judge granted both of Defendant's motions and ordered a discovery hearing to be scheduled. (ECF No. 150.)

Plaintiff objects to the Magistrate's Order, arguing that the Magistrate Judge improperly issued the order prior to receiving Plaintiff's response, that Defendant's motions were filed without basis in law or fact and for the improper purpose of delay. Plaintiff further objects to holding the hearing prior to the relevant discovery issues being fully briefed.

The hearing at issue was held on August 27, 2019. Accordingly, Plaintiff's objections are moot, and the objection/appeal is denied.

2. *Objection/Appeal of Magistrate Order 153*

Following the filing of Plaintiff's Third Amended Complaint, the Magistrate Judge issued a screening order determining which of Plaintiff's claims were allowed to proceed. Plaintiff files this Objection/Appeal for the purpose of preserving the right to appeal the claims dismissed by the screening order. Dismissal of a claim via screening order is considered a dispositive ruling by the Court. Each of the claims listed in the Magistrate Order as claims which would not proceed had previously been dismissed with prejudice by the Court in prior screening orders. Therefore, an

objection is not required as the claims are already preserved for appeal by the prior dispositive orders. Accordingly, the objection/appeal is denied as moot.

### 3. *Objection/Appeal of Magistrate Order 196*

Following the discovery hearing, the Magistrate Judge issued a revised scheduling order for discovery which, in relevant part, limited Plaintiff to ten written discovery requests per defendant—each of which was limited to ten interrogatories, ten requests for production of documents, and ten requests for admissions. (ECF No. 196.) Plaintiff objects to these limitations, arguing that the limitations are unduly prejudicial as they were placed only on Plaintiff. Plaintiff further alleges systematic bias on the part of the Court in favor of Defendants and their counsel.[1]

While pro se litigants are often held to a more liberal and lenient standard than that applied to bar-certified attorneys, such leniency may not be used to abuse the judicial process. As the Supreme Court has previously noted:

> [D]iscovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." (Emphasis added.) To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

---

[1] Plaintiff, on multiple occasions, directly accuses the Court of bias and prejudice. (*See, e.g.*, ECF No. 209 at 5 ("Plaintiff asks the Court to take a moment for some introspection to see if the Court is subconsciously biased in favor of the AG . . . ."); ECF No. 208 at 2 ("Plaintiff feels like this Court has taken the adversarial role of Defendants' counsel instead of impartially adjudicating . . . ."); ECF No. 160 at 3–4 ("Plaintiff can only infer bias against him, and bias in favor of the AG and DAG DeLong, by the Court.").) The Court reminds Plaintiff that any paper presented to the Court in which "the factual contentions [do not] have evidentiary support" may be considered grounds for sanctions. Fed. R. Civ. P. 11.

*Herbert v. Lando*, 441 U.S. 153, 177 (1979); s*ee also* Fed. R. Civ. P. 26 advisory committee's note to the 1983 amendments ("Excessive discovery . . . requests pose significant problems . . .[and] impose costs on an already overburdened system . . . .").

During the hearing, the Magistrate Judge noted that Plaintiff's Motion to Compel (ECF No. 147) contained forty question requests. (ECF No. 195.) The Magistrate Judge further noted that "the request for production of documents appears to be a fishing expedition and the requests are overly broad and disproportionate." (*Id.*) Additionally, the minutes note that there were, at the time of the hearing, 135 outstanding discovery requests for one defendant alone. (*Id.*) Under circumstances such as these, it is entirely appropriate for the Magistrate Judge to exercise the discretion to limit discovery requests provided by Fed. R. Civ. P. 26(b)(2)(A), (C). Accordingly, Plaintiff's objection/appeal is denied.

*4. Objection/Appeal of Magistrate Order 198*

Following the discovery hearing, the Magistrate Judge issued an order denying Plaintiff's Motion to Compel (ECF No. 147) and resolving other outstanding motions by both parties. (ECF No. 198.) Plaintiff then filed an objection/appeal to the Magistrate Judge's denial of the motion to compel. (ECF No. 209.) It is not entirely clear exactly what Plaintiff is objecting to but, read liberally, the motion appears to constitute a motion for reconsideration.

Review of the issued order demonstrates no clearly erroneous application of the law. As detailed in the order, the number and scope of Plaintiff's discovery requests was not proportional to the claims at issue, nor were all of the discovery requests relevant. (*See, e.g.*, ECF No. 147 Ex. 1 at 4 (requesting "[y]our Facebook Social Graph, showing your list of friends and how they are connected, for December 1, 2012, until now"); *id.* at 5 (requesting "[a] list of all sources of discoverable information"); *id.* at 6 (requesting "[a] list of all the apps on your smartphone").) Furthermore, in exercising his discretion to control the discovery process, the Magistrate Judge

did not bar discovery. Instead, he merely ordered that existing discovery requests were void and that Plaintiff would need to resubmit discovery requests which complied with the provided Federal Rules of Civil Procedure and the restrictions emplaced by the Court. Indeed, it appears that the Magistrate Judge went out of his way to explain the applicable Rules and how to comply with them so as to compensate for Plaintiff's pro se status and admittedly limited access to legal resources. Accordingly, Plaintiff's objection/appeal is denied.

## 5. *Objection/Appeal of Magistrate Order 232*

Plaintiff filed a motion to strike arguing that Defendant Bobadilla had failed to properly serve his answer and motion to dismiss upon Plaintiff. (ECF No. 229.) The Magistrate Judge denied the motion, ruling that service by a defendant to Plaintiff is unnecessary pursuant to local rules and this Court's Third Amended General Order (No. 2012-01), which direct NDOC staff to print and provide copies of filings to Defendant. As the Magistrate Judge's Order accords with applicable law, Plaintiff's objection/appeal is denied.

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Objection/Appeal to Magistrate Order 150 (ECF No. 160) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal to Magistrate Order 153 (ECF No. 164) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal to Magistrate Order 196 (ECF No. 208) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal to Magistrate Order 198 (ECF No. 209) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal to Magistrate Order 232 (ECF No. 233) is DENIED.

IT IS SO ORDERED.

DATED This 7th day of January, 2020.

_____
ROBERT C. JONES
United States District Judge