UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY STROHMEYER,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>K. BELANGER, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:14-cv-00661-RCJ-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 274, 275, 283, 284, 289, 290, 291 and 292 |

Before the court are:

1.　Plaintiff's Motion to Issue and Serve Subpoena Duces Tecum for Documentary Evidence from the NDOC Office of the Inspector General (ECF No. 274);

2.　Plaintiff's Motion to Issue and Serve Notice of Deposition and subpoena duces tecum on NDOC (ECF No. 275);

3.　Plaintiff's Motion to Compel HDSP Warden's Office to Turn Over Discovery to Plaintiff that AG Gave to Warden's Office (ECF No. 283);

4.　Plaintiff's Motion to Compel Production of Documents by Defendant Dwayne Deal and/or His Counsel, AG (ECF No. 284);

5.　Plaintiff's Motion for Extension of Time to File Discovery Motions Against Jenkins, Keener and Miranda and NDOC for Deposing NDOC (ECF No. 289);

6.　Plaintiff's Motion for Order to Compel Production of Documents by Defendant Donna Jenkins (ECF No. 290);

1

7. Plaintiff's Ex Parte Motion for Expert Services (ECF No. 291); and

8. Plaintiff's Motion to Compel Production of Pencil Central to Plaintiff's Case (ECF No. 292). The court will address the motions separately.

**BACKGROUND**

On February 15, 2019, the court entered an order, wherein the court stayed the discovery and dispositive motion deadlines set forth in the Scheduling Order (ECF No. 81) until further order of the court. (ECF No. 119.) The order also granted Plaintiff's Motion to File a Third Amended Complaint and indicated that the Third Amended Complaint would need to be screened. (*Id.*) On July 2, 2019, the court issued an order that the Third Amended Complaint would be the operative Complaint. (ECF No. 153.)

On June 21, 2019, Defendants filed a Motion for Discovery Hearing (ECF No. 148), arguing that Plaintiff's recent discovery served on Defendants was "beyond the scope of permissible discovery." (*Id.* at 2.) The motion for a discovery hearing was granted by the court on June 24, 2019. (ECF No. 150.) The discovery hearing was held on August 27, 2019 (ECF No. 195), wherein the court noted that Plaintiff's "request for production of documents appears to be a fishing expedition and the requests are overly broad and disproportionate tainting the scenarios." (*Id.* at 3.) This order was upheld by Senior District Judge Robert C. Jones. (ECF No. 268.)

On August 28, 2019, the court issued a revised scheduling order indicating that the discovery cut-off as to *all* parties was November 25, 2019. (ECF No. 196.) The scheduling order limited Plaintiff to ten (10) interrogatories, ten (10) requests for production of documents, and ten (10) requests for admissions per defendant. (*Id.* at 1.) Plaintiff's objection to the discovery order (ECF No. 208) was overruled by Judges Jones. (ECF No. 268.)

On November 15, 2019, Plaintiff filed a Motion to Stay Discovery Deadlines (ECF No. 243), which the court denied at its hearing on December 18, 2019. (ECF No. 262.) In denying Plaintiff's motion, the court stated:

> The court states that this case is coming up on its six-year anniversary and at some point in time discovery has to conclude. The court is not inclined to continue discovery as to all defendants.
>
> IT IS ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 243) is denied.
>
> IT IS FURTHER ORDERED that the deadlines are extended as follows:
>
> Discovery Cut-Off: **Pertaining to Defendants James Kenner, Lisa Armstead aka Donna Jenkins and Keith Miranda, only, is extended to Friday, February 28, 2020.**
> Dispositive Motions: **March 31, 2020 (as to all parties)**
> Joint Pretrial Order: **April 30, 2020.**

(*Id.* at 2.)

## **DISCUSSION**

1. **Plaintiff's Motion to Issue and Serve Subpoena Duces Tecum for Documentary Evidence from the NDOC Office of the Inspector General (ECF No. 274)**

Plaintiff motion requests the court issue a subpoena duces tecum and order the U.S. Marshal (USMS) serve the subpoena on the Inspector General (IG) of the Nevada Department of Corrections (NDOC). Plaintiff's motion (ECF No. 274) contains a schedule of eleven (11) items. The requests include any and all IG reports on Lovelock Correctional Center (LCC) from 2012 to 2015. Additionally, Plaintiff requests the current or last known addresses of investigators from the office of the IG. Finally, in addition to information about alleged investigations into individual defendants in this case, Plaintiff requests all divisional reports of the office of the IG from 2012 to 2015. Defendants have opposed Plaintiff's motion (ECF No. 279) and Plaintiff replied (ECF No. 287).

Plaintiff filed the motion (ECF No. 274) on March 2, 2020. As discussed above, discovery closed on November 25, 2019 (ECF No. 196), and on February 28, 2020, as to Defendants Keener, Armstead aka Donna Jenkins, and Miranda only. (ECF No. 262.) Plaintiff's motion is untimely and is, therefore, denied.

2. **Plaintiff's Motion to Issue and Serve Notice of Deposition and Subpoena Duces Tecum on NDOC (ECF No. 275)**

Plaintiff's motion seeks to have the court issue a Notice of Deposition and Subpoena Duces Tecum and ordering the USMS to serve the Subpoena on the NDOC. Plaintiff's Notice of Deposition (ECF No. 276) contains a schedule of forty (40) plus categories of documents. The requests include such requests as "31. Everything medical stated on 12/18/12 that Jenkins had access to." (*Id.* at 7.) Plaintiff also requests the current or last known addresses of NDOC employees. Finally, in addition to information about alleged investigations into individual Defendants in this case, Plaintiff requests all divisional reports from OMD, personnel/training division, LCC and ESP from 2012 to 2015. (*Id.*)

Plaintiff's filed his motion (ECF No. 275) on March 4, 2020. Discovery closed on November 25, 2019 (ECF No. 196) and, therefore, Plaintiff's motion is untimely. Plaintiff's motion is denied.

3. **Plaintiff's Motion to Compel HDSP Warden's Office to Turn Over Discovery to Plaintiff that AG Gave to Warden's Office (ECF No. 283)**

Plaintiff requests the court "order the HDSP Warden's Office to immediately turn over the discovery from this case that they were given by the AG." (ECF No. 283 at 3.) Plaintiff further requests the Warden's Office to produce transcripts of the audio recordings for Plaintiff and the court.

As discussed above, Plaintiff's motion (ECF No. 283) is untimely and is, therefore, denied.

/ / /

4. **Plaintiff's Motion to Compel Production of Documents by Defendant Dwayne Deal and/or His Counsel, AG (ECF No. 284)**

Plaintiff contends he "propounded a request for production of documents to Defendant Dwayne Deal on February 18, 2019. Defendant Deal had until March 25, 2019, to produce requested documents. Deal, by and through his counsel, the AG, failed to respond on time." (ECF No. 284 at 2.)

As discussed above, Plaintiff's motion (ECF No. 284) is untimely and is, therefore, denied.

5. **Plaintiff's Motion for Extension of Time to File Discovery Motions Against Jenkins, Keener and Miranda and NDOC for Deposing NDOC (ECF No. 289)**

Plaintiff's motion (ECF No. 289) is not accompanied by any explanation as to what discovery would be secured if Plaintiff's motion is granted. Additional motions would not be proportional to the needs of this case which has been going on since 2014. The discovery cut-off as to Defendants Jenkins, Keener and Miranda was February 28, 2020 (ECF No. 262). Therefore, Plaintiff's motion (ECF No. 289) is untimely and is denied.

6. **Plaintiff's Motion for Order to Compel Production of Documents by Defendant Donna Jenkins (ECF No. 290)**

In Plaintiff's motion (ECF No. 290), Plaintiff contends he sent Defendant Donna Jenkins a request for production of documents and her responses were not adequate.

Discovery – which would include discovery motions as well – expired on February 28, 2020.

As discussed above, Plaintiff's motion (ECF No. 290) is untimely and is, therefore, denied.

7. **Plaintiff's Ex Parte Motion for Expert Services (ECF No. 291)**

General discovery as to all Defendants other than Jenkins, Keener and Miranda expired on November 26, 2019 (ECF No. 196).

As discussed above, Plaintiff's motion (ECF No. 291) is untimely and is, therefore, denied.

8. **Plaintiff's Motion to Compel Production of Pencil Central to Plaintiff's Case (ECF No. 292)**

As discussed above, Plaintiff's motion (ECF No. 292) is untimely and is, therefore, denied.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Issue and Serve Subpoena Duces Tecum for Documentary Evidence from the NDOC Office of the Inspector General (ECF No. 274), Plaintiff's Motion to Issue and Serve Notice of Deposition and subpoena duces tecum on NDOC (ECF No. 275), Plaintiff's Motion to Compel HDSP Warden's Office to Turn Over Discovery to Plaintiff that AG Gave to Warden's Office (ECF No. 283), Plaintiff's Motion to Compel Production of Documents by Defendant Dwayne Deal and/or His Counsel, AG (ECF No. 284), Plaintiff's Motion for Extension of Time to File Discovery Motions Against Jenkins, Keener and Miranda and NDOC for Deposing NDOC (ECF No. 289), Plaintiff's Motion for Order to Compel Production of Documents by Defendant Donna Jenkins (ECF No. 290), Plaintiff's Ex Parte Motion for Expert Services (ECF No. 291) and Plaintiff's Motion to Compel Production of Pencil Central to Plaintiff's Case (ECF No. 292) are **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to the court's order within fourteen (14) days after service of the order. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

DATED: April 6, 2020.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE