UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEREMY JOSEPH STROHMEYER,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>KELLY BELANGER, *et al.*,<br><br>　　　　　　　　　　Defendants. | CASE No.: 3:14-cv-00661-RJ-WGC<br><br>**ORDER**<br>**(re: ECF No. 296)** |

　　　Before the court is yet another discovery dispute. The 311+ filings in this case document the long, tortured "progress" (if one may so describe it) toward resolution.[1]

　　　The current discovery dispute is presented by "Plaintiff's Motion to be Provided Copies of Documents from Plaintiff's Institutional File (I-File) Pursuant to NDOC Administrative Regulation 568" (ECF No. 296). Defendants opposed Plaintiff's motion (in part) in their "Response to Plaintiff's Motion to be Provided Copies of Documents" (ECF No. 306); and Plaintiff replied in his "Reply to Response to Plaintiff's Motion to be Provided Copies of Documents" (ECF No. 307).

　　　Prior to commencing its review of the latest discovery dispute among the parties, the court reminds the parties the deadline for filing motions for summary judgment in this case is Monday, June 1, 2020 In its Order granting Plaintiff's requested extension, the court stated emphatically that **THERE SHALL BE NO FURTHER EXTENSIONS GRANTED** (ECF No 293). As the court does not intend to further extend this deadline, the parties should be aware that time is of the

---

[1] The background of this case was set forth thoroughly when the court analyzed Plaintiff's complex allegations in its screening order regarding Plaintiff's Third Amended Complaint which will not be re-stated at this point (see, ECF No. 153, Order re ECF No. 120, 7/2/2019).

1

essence in adhering to the order of the court as set forth here in resolving this discovery dispute.

Plaintiff's motion (ECF No. 296) details several requests Plaintiff has made in this action to obtain copies of documents from his Nevada Department of Corrections (NDOC) Institutional File (I-File), including kites, letters, and formal request(s) for production and communications with Defendants' counsel. Most interesting was Plaintiff's outline of a request for production of documents (RFP) for his I-file he directed to former NDOC Offender Management Division Supervisor Dwayne Deal – who would presumably be the custodian of records contained in an inmate's I-file. Plaintiff states that after Defendants secured several extensions of time from the court for Deal to respond to the RFP, Deal had retired from NDOC. According to Plaintiff's representations, when Deal finally responded to the RFP some six months after it was served, Deal stated that he had retired from NDOC and was thus not in "possession, custody or control of the requested documentation." (ECF No. 296 at 4).

Plaintiff also references a hearing the court conducted on August 27, 2019, where the subject of the requested production of Plaintiff's I-file was briefly addressed by the court. During that hearing, with respect to the I-file production issues, the transcript reflects that the court stated to DAG Rands that "Mr. Rands, you might look into Mr. Strohmeyer's complaints about copying certain documents out of his I-file, because [AR] 568-05 seems to allow it under special circumstances, and maybe this action provides those special circumstances, okay?" To which Mr. Rands replied, "I will be having a conversation with Mr. Strohmeyer, not today, but at a time in the near future and we can discuss that." (ECF No. 217 at 47). [2]

According to Plaintiff, Mr. Rands did not contact him as was represented. While Plaintiff describes Mr. Rands' failure to do so as a "misrepresentation," a characterization with which the court does not concur, nevertheless Mr. Rands admitted that "Counsel cannot recall if he ever contacted Plaintiff about this issue." (ECF No 306 at 2). The court assumes that, unfortunately,

---

[2] AR 568.05(2) states that [if[ special circumstances exist, upon approval of the AW/Facility Manager, copies may be provided to the inmate in accordance with the Department's Administrative Regulation 722, Inmate Legal Access." Defendants' memorandum references subsection 722.01(7) which only imposes the copy charges – as "determined by Fiscal Services" – upon the inmate. It does not appear Defendants have secured the cost of copy work of the I-file – which in any event the court has stated should be borne by Defendants.

2

there was no discovery meeting following the court's 8/27/2019 hearing, nor apparently has there been any attempt to pursue a meet and confer subsequent to the filing of Plaintiff's motion.

To Defendants' credit, Defendants' response to Plaintiff's motion indicates that Defendants at least attempted to secure and produce certain of the requested documents out of Plaintiff's I-File which he had sought from Defendants. (*id* at 3; ECF 306-4). Plaintiff disputes that the production is complete. Plaintiff also argues, as the court itself recognizes, that certain documents the Defendants did produce are illegible for various reasons (ECF No. 307).

A fair amount of argument is presented by both parties about the "NOTIS" documents that would have been contained in Plaintiff's I-File. It appears from the Prentice Declaration (ECF No. 306-4) that the NOTIS documents (approximately 50 pages) were printed by Mr. Prentice. According to Defendants' memorandum, "restricted and/or confidential" entries are removed before the inmate is allowed to review the NOTIS materials (ECF No. 306 at 3). Defendants generally cite the "AR" for the authority that an inmate is not entitled to the case notes; the court could not find authority for that proposition in AR 568. While reviewing this AR, the court also learned that AR 568.03(2)(D) states that the case notes (NOTIS) are also supposed to be destroyed after the inmate reviews them. Nevertheless, Defendants' memorandum suggests and the Prentice declaration confirms they still exist (ECF No. 306-4). The main argument has boiled down, it appears, as to who pays for the copies – even though they have already been copied and were not destroyed per NDOC policy.

The court does not have the time – or at this stage of the litigation, the patience beyond that displayed in this Order - to delve into the intricacies of the NDOC I-file production – or non-production. The court concludes nonetheless that this dispute cries out for a meet and confer conference to be conducted between Plaintiff, DAG Rands and one or more knowledgeable NDOC personnel (e.g., Steve Prentice, ECF No 306-4). It is the court's conclusion that Defendants should err on the side of production/disclosure when attempting to resolve this discovery dispute regarding Plaintiff's I-file, particularly with respect to the NOTIS materials.[3]

---

[3] The court concurs with Plaintiff's assessment that Defendant Bobadilla's name and identifying information should not be withheld as AR 569.02(5)(A) allows disclosure of this information. If

3

DAG Rands shall arrange for this meet and confer conference to take place within five business days of this order. If the parties cannot agree that production of the requested items from Plaintiff's I-File has been satisfactorily completed, then within three business days of the meet and confer conference the Plaintiff shall file a memorandum identifying any remaining areas of dispute. If Defendants disagree with any contention the production was not satisfactory, and/or if certain documents from Plaintiff's I-file of which Plaintiff seeks production are deemed confidential or otherwise withheld pursuant to NDOC regulations, in addition to a memorandum in reply to plaintiff's contention, Defendants shall submit bates-stamped copies of the withheld documents to the court for an *in camera* inspection with their discovery report. [4]

In view of Defendant Deal not having responded to the RFP, and in the exercise of the discretion of the court. production of any documents from Plaintiff's I-file pursuant to this Order shall be at Defendants' expense.

Plaintiff's Motion (No. ECF 296) is granted in part and denied in part consistent with this order.

**IT IS SO ORDERED.**

DATED THIS 6th day of May, 2020.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

Defendants seek to withhold any information in reports referencing Mr. Bobadilla, Defendants should provide the authority for doing so.

[4] Because of the rapidly approaching deadline for the filing of dispositive motions, if it appears that a hearing before the conduct on the remaining production would be beneficial, the parties may contact the courtroom deputy to request an expedited telephonic discovery conference.