# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JEREMY STROHMEYER,

    Plaintiff

v.

K. BELANGER, et. al.,

    Defendants

Case No.: 3:14-cv-00661-RCJ-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 226

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendant Michael Bobadilla's Motion for Dismissal Under Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 226.) Plaintiff filed a response. (ECF No. 255.)

After a thorough review, it is recommended that Bobadilla's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Third Amended Complaint (TAC), ECF No. 120.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC) and Ely State Prison (ESP). (*Id.*)

On July 2, 2019, the court issued an order screening Plaintiff's TAC. Plaintiff was allowed to proceed with, among other claims and defendants, state law tort claims of assault and battery against defendant Bobadilla, who was an inmate within NDOC when the alleged events

occurred, based on an incident that occurred on December 18, 2012. In allowing this claim to go forward, the court noted that District Judge Jones had previously allowed Plaintiff to proceed with these claims. (ECF No. 153 at 24.)

The court issued a summons for defendant Bobadilla on July 23, 2019. (ECF No. 170-4.) The summons was returned executed indicating that Bobadilla was served on August 16, 2019. (ECF No. 187.) Bobadilla filed a motion to extend time to respond (ECF No. 189), which the court granted, giving Bobadilla until September 27, 2019, to file a responsive pleading to the TAC (ECF No. 190). On September 27, 2019, Bobadilla filed a motion asking that the case be dismissed against him for failure to complete service of process under Federal Rule of Civil Procedure 4(m). (ECF No. 214.) On the same date, Bobadilla filed a document which the Clerk's office labeled as an answer to the TAC. In that filing, Bobadilla asked the court to consider pro bono counsel, and to take a "not guilty plea." (ECF No. 215.)  The court denied the motion to dismiss indicating that Bobadilla was served, sought an extension to answer, and filed an answer at ECF No. 215. (ECF No. 218.)

On October 15, 2019, Bobadilla filed a document titled "Reply to Civil Rights Petition/Motion for Dismissal Under Rule 56 Federal Rules of Civil Procedure." This was docketed into two filings by the Clerk's office: (1) an answer/reply to Civil Rights Action and (2) Motion to Dismiss; however, the documents are identical. (ECF Nos. 225, 226.) Bobadilla asks the court to grant a dispositive motion and dismiss this lawsuit under Rule 56 and/or Rule 26 of the Federal Rules of Civil Procedure.

On October 17, 2019, District Judge Jones, filed a "*Klingele"* order notifying Plaintiff that a dispositive motion had been filed, and stating that if evidence is submitted with a motion to dismiss and considered by the court, the motion is treated as a motion for summary judgment. If

1  this is the case, then the opposing party must oppose the motion with admissible evidence, and a

2  statement of facts. (ECF No. 228.)

3      Plaintiff then moved to strike Bobadilla's answer at ECF No. 215. The basis for the

4  motion was that Bobadilla did not serve his filed documents on Plaintiff. (ECF No. 229.) The

5  court denied the motion because Plaintiff is given electronic receipts and the hyperlinked

6  documents filed by opposing parties under Third Amended General Order No. 2012-01, and the

7  docket reflects Plaintiff received these documents. The court found that documents filed with the

8  Clerk's Office are contemporaneously served on Plaintiff, so service by Bobadilla on Plaintiff by

9  mail (or otherwise) is unnecessary. (ECF No. 232.)

10      Plaintiff did not, however, file a response to Bobadilla's motion, and on November 15,

11  2019, the court gave Plaintiff an additional 30 days to file a response to Bobadilla's motion to

12  dismiss. (ECF No. 240.)

13      On December 5, 2019, Plaintiff filed a response to the motion to dismiss. (ECF No. 255.)

14  On the one hand, Plaintiff states that he has not seen nor read Bobadilla's motion to dismiss, but

15  then goes on to describe it in some detail, making his claim that he has not seen it unbelievable.

16  Moreover, as the court previously explained to Plaintiff, he is contemporaneously served with

17  documents filed by opposing parties by the Clerk's Office through transmission to the prison.

18  Moreover, Plaintiff provides a thorough response to the substantive arguments asserted in the

19  motion.

20      Plaintiff then argues that Bobadilla is procedurally barred from filing this motion to

21  dismiss under Rule 12(g)(2), because he already filed a motion to dismiss related to service.

22      Plaintiff goes on to assert that if a motion to dismiss relies on matters outside the

23  pleadings, then it is treated as a motion for summary judgment.

1      A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

2 12(b)(6) is essentially ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

3 F.3d 719, 723 (9th Cir. 2000). It considering such a motion, the court must determine whether

4 the allegations of the complaint state a plausible claim for relief. *See Bell Atl.  Corp.  v.*

5 *Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v.  Iqbal*, 556 U.S. 662, 678 (U.S. 2009).

6      As a general rule, the court may not consider any material beyond the pleadings in ruling

7 on a motion to dismiss for failure to state a claim without converting it into a motion for

8 summary judgment.  *See Lee v.  City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.  2001); *see also*

9 *Swartz v.  KPMG LLP*, 476 F.3d 756, 763 (9th Cir.  2007) (per curiam) (the court will "consider

10 only allegations contained in the pleadings, exhibits attached to the complaint, and matters

11 properly subject to judicial notice.").

12      As was advised in the *Klingele* order, when a motion to dismiss relies on evidence

13 outside of the pleadings, the court will convert it to a motion for summary judgment. Plaintiff

14 clearly contemplated this, as he discusses as much, and then responded to the motion with his

15 own evidence. In addition, while he titled the motion as a motion for dismissal, Bobadilla also

16 referenced Rule 56, which governs motions for summary judgment. Therefore, the court will

17 construe Bobadilla's motion as one for summary judgment.

18      **II. LEGAL STANDARD**

19      The legal standard governing this motion is well settled: a party is entitled to summary

20 judgment when "the movant shows that there is no genuine issue as to any material fact and the

21 movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*

22 *v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the

23 evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

5

*Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

In his motion, Bobadilla states that Plaintiff contacted him regarding settlement negotiations in a threatening and disrespectful manner. He states that he feels threatened, and is scared Plaintiff will take everything from him. He goes on to include a statement of facts where he says that on December 18, 2012, he was attacked by three or four inmates while he was serving as a porter cleaning tables in the chow hall during dinner. Plaintiff told him not to use a

dirty rag to clean his table, and Bobadilla responded it was his job and that he used disinfectant with his cloth. Plaintiff then lunged at him, and the assault began, and Bobadilla ended up hospitalized. Bobadilla asserts that he was found not guilty of any disciplinary charge because he was attacked by two inmates. Insofar as Plaintiff claims that Bobadilla was in a fight two days before, he states that he would have been in the "hole" if he had been in trouble for fighting. In sum, he claims he was the victim and he should be dismissed from this action. He attaches letters sent to him from Plaintiff to discuss settlement.

In his response, Plaintiff argues that his evidence supports his claim of assault and battery against Bobadilla.

Plaintiff includes as an exhibit his original account of events of December 18, 2012, written on December 20, 2012. In that document, Plaintiff states that one of the porters, whom he subsequently identifies as Bobadilla, ran into him with the tray he was holding. He is not sure if Bobadilla hit Plaintiff with the tray, or used the tray as coverage while he "sucker punched" Plaintiff in the side of the face. Plaintiff felt himself stand up and he got in at least three punches while sitting down. He does not know for sure what happened after that until he noticed another inmate, Dre, was restraining Bobadilla when an officer arrived. Bobadilla started yelling: "They tried to stab me! They attacked me!" Plaintiff called Bobadilla a liar. They were all taken out, and Plaintiff told Officer Rigney what happened: that the porter attacked him without provocation. He was taken to medical and there was a scratch/bump on the outside of his right eye and bump on the left jaw. He says that the doctor did not notice the bumps on the right side and back of the head. Plaintiff also told Ward his version of events. In response, Ward said there were multiple witnesses that say Plaintiff and Dre attacked the porter, that Dre had him in a

chokehold while punching him in the back of the head and while Plaintiff was punching him from the front. Ward said this came from the guard in the tower, Whiting. (ECF No. 255 at 8-9.)

Plaintiff also includes his own affidavit, where he states that on December 18, 2012, he was seated at the table in the chow hall at LCC, eating dinner with Dre and inmate Dawson, when without warning or provocation, Bobadilla walked up and punched Plaintiff in the face and head. Plaintiff was stunned and unable to immediately respond. Dre got up and grabbed Bobadilla to subdue him and stop the assault. He asserts that he did not stab or attempt to stab Bobadilla. (ECF No. 255 at 27-28.)

Plaintiff also submits photographs but only one shows his face, and it is grainy and black and white and the court cannot determine whether it depicts any injuries. (ECF No. 255 at 11.)

Next, Plaintiff includes an affidavit from inmate James Gisi, who states that he was housed in Unit 3A-48 at LCC from March 2012 until around June 2, 2012. Bobadilla was placed in unit 31 cell 46 at LCC around April 2012, and started asking everyone who Jeremy Strohmeyer was so he could visually identify him. When he asked Gisi this, Gisi told Bobadilla he did not know. Gisi says "[i]t took Michael Bobadilla months to visually identify Jeremy Strohmeyer." In November 2012, Gisi was moved back to the east side of Unit 3A, where Bobadilla was still housed. He claims that when Bobadilla was able to identify Strohmeyer, he started saying he was going to "smash someone out." This was around December 2012. When asked who he was going to "smash out," Bobadilla would only say it was "only evident" and he was looking forward to a fight. About a week after Bobadilla made his comments, another unit 3A inmate told Gisi that Bobadilla had taken off on Strohmeyer in the chow hall. Gisi believes it was obvious that everyone in Unit 3A knew that Bobadilla was getting ready to "smash out" Jeremy Strohmeyer. (ECF No. 255 at 13-15.)

Plaintiff also sent a letter to the Office of Inspector General on August 21, 2013. He asked for a polygraph examination and said that on December 18, 2012, he was sitting at a table in the chow hall, eating his dinner, when Bobadilla struck him in the face and head with a tray or his fists without warning or provocation. Inmate Breland (Dre) stood up and restrained Bobadilla because he thought Plaintiff's life was in jeopardy, and Plaintiff states that he stood up to defend himself but was not able to land any punches, before complying with an order to lie on the ground. Plaintiff claimed that before entering the chow hall, Bobadilla inflicted a superficial wound to his chest and planted the pencil he used in the chow hall, and falsely claimed that Plaintiff and Dre tried to stab him. (ECF No. 255 at 17-21.)

Andre (Dre) Breland also provides a declaration stating that on December 18, 2012, he was eating dinner in the chow hall with Plaintiff and inmate Dawson, when without warning or provocation, Bobadilla walked up to Strohmeyer and punched him in the face and head. Dre got up from his seat and grabbed Bobadilla to subdue him and stop the assault. (ECF No. 255 at 24-25.)

Again, summary judgment may only be granted if the movant shows there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). A party asserting a fact cannot be (or is) genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…, admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

Preliminarily, Bobadilla did not support his motion by citing to the materials in the record that support his motion, i.e., by including a declaration or affidavit that contains his own version of events. While the court could give Bobadilla an opportunity to properly support the facts

under Rule 56(e)(1), he would presumably repeat what is contained in his statement of facts in his motion. It is clear when these facts are compared to the evidence submitted by Plaintiff that there is a genuine dispute of material fact as to what occurred on December 18, 2012.

For these reasons, Defendant Bobadilla's motion should be denied.

## **IV. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** defendant Bobadilla's motion (ECF No. 226).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 2, 2020

William G. Cobb
United States Magistrate Judge