UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY JOSEPH STROHMEYER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KELLY BELANGER, et al.,<br><br>　　　　Defendants. | Case No. 3:14-CV-00661-RCJ-WGC<br><br>**ORDER** |

Plaintiff filed five objections to various orders issued by the Magistrate Judge. (ECF Nos. 254, 256, 266, 270, and 272.) The Court finds that none of the orders were clearly erroneous or contrary to law and accordingly denies the objections.[1]

///

///

---

[1] Plaintiff's motions once again accuse the Magistrate Judge of "clear bias." (*See, e.g.*, ECF No. 256 at 2:1–3.) The Court notes that it has previously warned Plaintiff against such rhetoric in the absence of any evidentiary support. (ECF No. 268 at 3 n.1.) The Court again warns Plaintiff that such conduct may result in Fed. R. Civ. P. 11 sanctions, up to and including dismissal of Plaintiff's case with prejudice. *See Hutchinson v. Hensley Flying Serv., Inc.*, 210 F.3d 383, 383 n.1 (9th Cir. 2000) (citing *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993), which affirmed dismissal with prejudice of *pro se* prisoner litigant's complaint after repeated Rule 11 violations despite warnings by the district court)).

**LEGAL STANDARD**

A court reviews orders by magistrate judges under 28 U.S.C. § 636(b)(1). Under the statute, a court overturns a magistrate judge's non-dispositive orders only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

**ANALYSIS**

*I.    Objection to Mag Order 239 (ECF No. 254)*

Plaintiff filed a motion requesting appointment of counsel, arguing that counsel is necessary as prison officials are actively interfering with his ability to research and litigate his claims. (ECF No. 235.) The Magistrate Judge denied the motion, finding that Plaintiff's case did not represent the "exceptional circumstances" generally required to appoint counsel where there is no mandatory Sixth Amendment right to counsel. (ECF No. 239); *see Palmer v. Valdez*, 560 F.3d 965, 970 (2009). In so finding, the Magistrate Judge noted that the underlying facts and claims were not so complex as to require counsel and that Plaintiff has shown the ability to articulate and litigate his claims—even succeeding in a successful *pro se* appeal at the Ninth Circuit. This Court agrees. As the Magistrate Judge's Order accords with applicable law, the Court therefore denies Plaintiff's objection.

*II.   Objection to Mag Orders 247 and 251 (ECF Nos. 256 and 266)*

Plaintiff requested a clerk's entry of default against Defendants Donna Jenkins, James Keener, and Keith Miranda, for failure to respond to Plaintiff's complaint in a timely manner. (ECF Nos. 245, 248, and 249.) Plaintiff alleges that Defendants needed to respond by November 13, 2019. In denying the motions, the Magistrate Judge noted that Defendants responded on November 20, 2019. He further found that "[i]n view of the duration of this case, there is no prejudice to Plaintiff." (ECF Nos. 247 and 251.) Plaintiff argues the Orders by the Magistrate Judge are void because Fed. R. Civ. P. 55(a)'s mandatory language requires the clerk to enter a

default upon request and demonstration of proper service; thus, the clerk should not have referred the motions to the Magistrate Judge. Although Plaintiff is correct that the clerk should have entered default, "entry of such default would be futile and would waste the resources of both the court and the parties. Under the circumstances, then, it is more just, and more efficient, not to enter default . . . in the first instance." *Diamond v. Cty. of Riverside*, No. ED CV 14-01922, 2015 WL 11215850, at *6 (C.D. Cal. Nov. 5, 2015).

As Defendants did make a responsive pleading, albeit untimely, it may be assumed that they would have moved to set aside an entry of default under Fed. R. Civ. P. 55(c). In determining whether to grant a motion to enter default judgment or to vacate an entry of default, one of the factors a court looks to is "the possibility of prejudice to the plaintiff." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Court agrees with the Magistrate Judge that a one-week delay does not prejudice Plaintiff where litigation has been on-going since 2014. The Court therefore finds that any entry of judgment would have been vacated upon request. Consequently, the Magistrate Judge's Orders accord with applicable law, and the Court denies Plaintiff's objections.

### III.   *Objection to Mag Order 262 (ECF No. 270)*

Plaintiff argues that the Magistrate Judge has abused his discretion in denying Plaintiff's motion to stay discovery, (ECF No. 243). In that motion, Plaintiff argues that the Magistrate Judge should stay current discovery deadlines due to Plaintiff's lack of access to the law library. After the motion was fully briefed, the Magistrate Judge held a hearing on the matter. (ECF No. 262.) During this hearing, he extended the discovery deadlines for the three newly-added Defendants by sixty days but declined to stay existing discovery deadlines for the other Defendants. He also provided Plaintiff the opportunity to explain why access to the law library was necessary to craft discovery requests.

///

Plaintiff makes significant reference to his lack of access to the law library from September to November 2019. However, as the Magistrate Judge noted, "this case is coming up on its six-year anniversary." (ECF No. 262 at 2.) Thus, Plaintiff has had years to craft discovery requests, even accounting for the Magistrate Judge's recent Orders limiting the number and scope of requests. (ECF Nos. 196 and 198.)[2] Plaintiff does not discuss how discovery requests addressed to the three newly-added Defendants will differ so substantially from previous discovery requests as to require access to a law library. Based on those facts, this Court agrees with the Magistrate Judge that access to a law library is not a prerequisite to being able to conduct discovery, and also finds the Magistrate Judge's extension and non-extensions of discovery deadlines to be reasonable. As the Magistrate Judge's Order accords with applicable law, the Court therefore denies Plaintiff's objection.

### IV.   *Objection to Mag Order 264 (ECF No. 272)*

Defendants Jenkins, Keener, and Miranda filed a Joinder to the existing Defendants' Answer to Plaintiff's Third Amended Complaint. (ECF No. 246.) Plaintiff moved to have this filing stricken. (ECF No. 263.) The Magistrate Judge denied Plaintiff's motion, noting that it had previously denied Plaintiff's motions to enter default against these three Defendants. (ECF No. 264.) Plaintiff objects to the Magistrate Judge's Order, arguing that the Defendants were in default. For the reasons given above in affirming the Magistrate Judge's denial of the motions for default, Plaintiff's instant motion was also properly denied. As the Magistrate Judge's Order accords with applicable law, the Court therefore denies Plaintiff's objection.

---

[2] Plaintiff is correct that the Magistrate Judge ordered him to "start over" in discovery. (ECF No. 198 at 11.) However, such an order does not mean that Plaintiff is starting on an entirely clean slate. In that same order, the Magistrate Judge identified and defined the discovery requirements, and also specifically identified questions which did not fit these requirements. Using this direction, and other direction provided by the Magistrate Judge and this Court in various orders and hearings, Plaintiff could go through his own documents, written while he did have access to the law library, to identify requests that comported with the standards.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 254) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 256) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 266) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 270) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 272) is DENIED.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge