UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JEREMY JOSEPH STROHMEYER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL BOBADILLA, et al.,<br><br>　　　　　Defendants. | Case No. 3:14-cv-00661-RCJ-WGC<br><br>**ORDER** |

Plaintiff has filed three objections to three of Magistrate Judge William G. Cobb's interlocutory orders and a motion for a pretrial conference. The Court addresses each in turn and finds all to be without merit.

**FACTUAL BACKGROUND**

Plaintiff Jeremy Strohmeyer is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC) and Ely State Prison (ESP). Plaintiff is currently housed at High Desert State Prison (HDSP).

///

In his operative complaint, Plaintiff alleges that, while he was housed at LCC, several prison staff had instigated a fight between Plaintiff and another inmate, Defendant Michael Bobadilla, in December 2012. (ECF No. 120.) The staff had encouraged Defendant Bobadilla to attack Plaintiff because Plaintiff had filed grievances against them. The staff then framed Plaintiff as the instigator of the fight, claiming that Plaintiff stabbed Defendant Bobadilla with a pencil, which led to disciplinary hearings and an eventual finding of guilt. There first was a hearing on December 24, 2012, where Plaintiff was found guilty. This conviction was overturned on appeal, and another hearing was held on March 10, 2013, where Plaintiff was again found guilty. Plaintiff was sentenced to two years of solitary confinement, but the term was shortened to one year on appeal. He further alleges that he was treated worse than other inmates in solitary confinement because of his past grievances, including the staff had tampered with his mail. He spent part of his term of solitary confinement in ESP, where he claims that he was subject to further unconstitutional conditions of confinement.

After six years of litigation, the case has finally reached the stage of summary judgment. In these years, Plaintiff has filed numerous objections to the Magistrate Judge's orders. (*See e.g.* ECF No. 347 (order denying five objections).) Now, Plaintiff has filed three more for this Court to consider.

## LEGAL STANDARD

A district judge reviews orders by magistrate judges under 28 U.S.C. § 636(b)(1). Under the statute, a court should overturn a magistrate judge's non-dispositive orders only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). For this standard, "a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

**ANALYSIS**

*I.     Objection to Interlocutory Order – ECF No. 305*

In ECF No. 305, Plaintiff objects to ECF No. 294. In this order, the Magistrate Judge properly determined that many of Plaintiff's motions pertaining to discovery were untimely. (ECF No. 294.) Based on prior orders, discovery was generally closed on November 25, 2019 (ECF No. 196), except as to Defendants Keener, Armstead aka Donna Jenkins, and Miranda, which closed on February 28, 2020, (ECF No. 262). Plaintiff's motions included the following:

1. On March 2, 2020, Plaintiff filed a motion to issue and serve subpoena duces tecum for documentary evidence from the NDOC Office of the Inspector General. (ECF No. 274.)
2. On March 4, 2020, Plaintiff filed a motion to issue and serve notice of deposition and subpoena duces tecum on NDOC. (ECF No. 275.)
3. On April 1, 2020, Plaintiff filed a motion to compel "the HDSP Warden's Office to immediately turn over the discovery from this case that they were given by the AG." (ECF No. 283.)
4. On April 1, 2020, Plaintiff filled a motion to compel. Plaintiff states that he "propounded a request for production of documents to Defendant Dwayne Deal on February 18, 2019. Defendant Deal had until March 25, 2019, to produce requested documents. Deal, by and through his counsel, the AG, failed to respond on time." (ECF No. 284.)
5. On April 3, 2020, Plaintiff filed a motion to extend discovery to file discovery motions against Jenkins, Keener Miranda, and NDOC for depositions. (ECF No. 289.)
6. On April 3, 2020, Plaintiff filed a motion to compel production of document by Defendant Donna Jenkins. (ECF No. 290.)

///

7. On April 3, 2020, Plaintiff filed a motion titled, "Ex Parte Motion for Expert Services and to Compel Production of Pencil Central to Plaintiff's Case." (ECF Nos. 291–92.) In this motion, he seeks to have the pencil that he allegedly used in the fight tested by experts for fingerprints.

As all of these motions were filed after their respective dates for the end of discovery, the Magistrate Judge correctly denied all of them. (ECF No. 294.) The Court accordingly denies Plaintiff's objection.

## II.   *Objection to Interlocutory Order – ECF No. 345*

In ECF No. 332, Plaintiff moves the court to order to show cause why sanctions should not issue against Defendants, Deputy Attorney General Douglas Rands, and the Nevada Office of the Attorney General. In this motion, Plaintiff presented three new issues for the Magistrate Judge to address: First, whether it was sufficient for Defendants to provide Plaintiff with transcripts of the disciplinary hearings and a CD of only one hearing instead of a CD of both hearings. Initially, Defendants provided DVDs of the hearings, but Plaintiff lacked the ability to play these on his CD-player. One of the hearings was too long to fit onto a CD, so Defendants provided a CD of the other hearing and paid for transcripts of both hearings and provided those to Plaintiff. Second, whether Defendants have provided the Plaintiff with twenty-nine pages of documents from Plaintiff's I-file and certain pages of NDOC case notes which Plaintiff contends were not produced. Third, whether it was sufficient for Plaintiff to only have a black and white photo of Defendant Bobadilla's chest taken shortly after the fight. The Magistrate Judge held that the transcripts were sufficient, ordered Defendants to file a report whether these documents were produced, and declined to issue any sanction. (*Id.*) In ECF No. 335, the Defendants provided the Court with notice that the I-file and NDOC case notes have been provided to Plaintiff.

///

Now, in ECF No. 345, Plaintiff objects to this order claiming that the transcripts were insufficient,[1] that he needs to receive a "full page, color photograph of Bobadilla's chest," and that these facts show that sanctions are warranted, including a default judgment or an adverse jury instruction and attorney's fees. These contentions are without merit. First, the transcripts provide the entirety of the recording, which will likely serve Plaintiff better than an audio recording. Second, Defendants provided Plaintiff the picture that they have, but the law library at HDSP only has a black and white printer. Plaintiff has attached a scan of the picture as he received it, (ECF No. 332 Ex. A at 3),[2] and the Court finds that it satisfactorily shows the state of Bobadilla's chest at the time shortly after the fight. For these reasons, the Magistrate Judge correctly determined that sanctions were unwarranted, and the Court denies this objection.

### III.  Objection to Interlocutory Order – ECF No. 362

Defendants did not produce an entire recording or transcript of the initial disciplinary hearing from December 2012. Defendants' counsel claims that the only recording he received from the "NOTIS WEB" database (where the NDOC uploads audio recordings of disciplinary hearings) was incomplete. The transcripts of the recording abruptly end with "Um, the investi- --." (ECF No. 331 Ex. A at 28:16.) Plaintiff claims that Defendants intentionally destroyed the recording. If this were true, sanctions might be appropriate. *See* Fed. R. Civ. P. 37(e). The Magistrate Judge found however that this allegation is not true.

The record undercuts Plaintiff's claim and rather shows that the audio recording device malfunctioned during the hearing and stopped recording as opposed to the recording being partially spoliated. Defendant Carpenter swears that Plaintiff was provided another hearing because the

---

[1] Plaintiff also contends that these transcripts show that part of the hearing on the CD was spoliated because the recording appears incomplete. This claim is addressed in the next section, where Plaintiff moves for sanctions based on alleged spoliation.

[2] This page number refers to the bates stamp on the bottom of the page, which reads, "STROHMEYER 661: Def. Supp. Resp. to RFPD - 003."

audio had cut off. (ECF No. 337 Ex. 18.) Likewise, Defendant LeGrand states, "[Plaintiff] had several complaints about his hearing. Due to several issues, and to ensure Plaintiff received due process at the hearing, I ordered the matter remanded for a new hearing. Therefore, I ordered the rehearing." (ECF No. 337 Ex. 7.)

Plaintiff counters this evidence. He first claims that Defendant Carpenter's declaration is not credible because in prior emails from Defendant Carpenter. In these emails, he stated, "OK so I'm super senile.... I started looking through my past emails and documentation for anything to help with the 028....and found the recording. I apparently do not remember ANYTHING anymore!" and few hours later stated, "Ok...NOTIS web worked and downloaded.......CD acted like it burned fine, however tried on Fonoimoana's computer and it didn't work. I did put it Wid's desk....maybe you can check it / fix it." Plaintiff claims that these emails show that Defendant Carpenter had no recollection of why the initial hearing was overturned. The emails, however, appear to only talk about Defendant Carpenter attempting to record the hearings from the website to CDs.

In sum, the record is devoid of any evidence that any Defendant destroyed the latter part of the recording. The Magistrate Judge's finding that Plaintiff has not proven that Defendants spoliated the audio recording, therefore, is not clear error.

In response to the objection, Defendants request that the Court issue sanctions against Plaintiff for filing numerous frivolous motions and objections and filing them in bad faith under Fed. R. Civ. P. 11. According to Rule 11(b), a party implicitly certifies that a filing is not "presented for any improper purpose," is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," does not contain "factual contentions [that lack] evidentiary support," and does not contain "denials of factual contentions [that] are [un]warranted on the evidence." Rule 11(c) allows a court to impose

sanctions against a party for violating Rule 11(b), including for pro se litigants. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990)). This Court has previously warned Plaintiff at least two times about violating Rule 11(b), including that it may lead to sanctions. (ECF No. 268 at 3 n.1 ("Plaintiff, on multiple occasions, directly accuses the Court of bias and prejudice. . . . The Court reminds Plaintiff that any paper presented to the Court in which 'the factual contentions [do not] have evidentiary support' may be considered grounds for sanctions. Fed. R. Civ. P. 11."); ECF No. 347 at 1 n.1 ("The Court again warns Plaintiff that such conduct may result in Fed. R. Civ. P. 11 sanctions, up to and including dismissal of Plaintiff's case with prejudice.").)

The Court does find that many of Plaintiff's filings have violated the dictates of Rule 11(b), such as this objection, which contains "factual contentions" without "evidentiary support." Fed. R. Civ. P 11(b)(3). In his order, the Magistrate Judge explained the standard for granting sanctions and explained how Plaintiff has no evidence of his allegations. Instead of accepting the Magistrate Judge's well-reasoned order, Plaintiff again objects after this Court has previously explained the standard for objecting to a Magistrate Judge's order on at least two occasions. (ECF Nos. 268, 347.)

While sanctions may be available under these circumstances, there is currently no appropriate sanction. Rule 11(c)(4) allows for monetary and nonmonetary sanctions, including dismissal of a case. A monetary sanction would be inappropriate here as Plaintiff would lack the means to pay it because he is indigent. (*See* ECF No. 8 (granting Plaintiff's motion to proceed in forma pauperis).) Except for dismissal, there is no other nonmonetary sanctions in this Court's arsenal; Defendants have not presented an alternative. But dismissal "under rule 11 should not be frequently granted." *Rhinehart v. Stauffer*, 638 F.2d 1169, 1171 (9th Cir. 1979). Because Plaintiff is proceeding pro se and this Court's prior warnings only appeared in footnotes, the Court finds

that dismissal would be too drastic. The Court therefore issues one final warning and stresses that further noncompliance will likely result in dismissal of this case with prejudice.

### IV.     *Motion for a Pretrial Conference – ECF No. 323*

In ECF No. 323, Plaintiff moves for a pretrial conference under Fed. R. Civ. P. 16. This case is still in the summary judgment phase; the Court therefore denies this motion as premature. If this case survives summary judgment, the Court will hold such a conference.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 305) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 345) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Order (ECF No. 362) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Conference (ECF No. 323) is DENIED.

IT IS SO ORDERED.

Dated October 9, 2020.

_____
ROBERT C. JONES
United States District Judge